DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALL PURPOSE TITLE, LLC,**
Appellant,

v.

**EDYTA KNOBLOCH** and **REUBEN DAVID FERNANDEZ, JR.,**
Appellees.

No. 4D2024-0307

[November 13, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 502020CA005984XXXMB.

James Jean-Francois of Law Offices of James Jean-Francois, P.A., Hollywood, for appellant.

No appearance for appellees.

GROSS, J.

All Purpose Title, LLC ("AP Title"), the escrow agent in connection with a failed real estate transaction, appeals a summary judgment in favor of Edyta Knobloch (the "buyer") in litigation concerning the buyer's attempt to recover her deposit. We reverse because (1) the buyer sued the wrong party as the seller, and (2) a genuine factual dispute existed as to whether AP Title had a "good faith doubt as to entitlement" to the deposit.

The buyer brought the underlying lawsuit after the transaction failed to close. In a three-count complaint, the buyer sued the alleged seller, Reuben David Fernandez, Jr., for specific performance (Count I) and breach of contract (Count II), and sued AP Title, the escrow and closing agent, for breach of fiduciary duties (Count III).

According to the complaint, the buyer and Fernandez entered into a written contract for the sale and purchase of the residential property. The buyer deposited a total of $17,000 into escrow with AP Title.

Attached to the complaint was a copy of the written real estate contract. The contract lists the "Owner of the Record" as the seller and lists Knobloch as the buyer. However, the contract was not signed by Fernandez. Instead, the contract was signed by "Rickey Brown, Trustee" as the seller. The contract also contained the seller's initials—R.B.—in multiple locations.

Other documents attached to the complaint indicate that "Rickey Brown, Trustee" had entered into the contract with the buyer before he acquired legal title from the prior owner, Fernandez. A corrective general warranty deed, which was executed after the contract, conveyed the property from Fernandez to "Rickey Brown, Trustee of the 600 Land Trust, dated October 27, 2019."

The complaint alleged that the buyer delivered written notice of her election to terminate the contract due to title defects that had not been cured. The buyer also requested that AP Title refund the $17,000 in deposits to her. However, AP Title refused to release the escrow funds to the buyer on the ground that 600 Land Trust may want to make a claim against the funds.

Early in the litigation, the court ordered the escrow funds to be deposited into the court registry.

Rickey Brown, as Trustee of the 600 Land Trust, moved to intervene in the action, alleging that the buyer had entered into the contract with him— not Fernandez—and that he was an indispensable party. The buyer opposed the requested intervention, and the trial court denied Brown's motion to intervene. This ruling got the case off on the wrong track, however, because Brown was a proper party with a potential claim against the deposited funds.

As for Fernandez, the trial court granted his motion for judgment on the pleadings and dismissed with prejudice Counts I and II against him. The court ruled that Fernandez "was not a party to the contract that the [buyer] contends was breached."

The buyer later moved for summary judgment against AP Title, arguing that no genuine issues of material fact existed, and that AP Title had breached its fiduciary duties by failing to return the $17,000 in escrow deposits to the buyer after the buyer had terminated the contract due to the seller's inability to cure title defects within the contractual cure period. AP Title timely responded in opposition.

2

Following a hearing, the trial court entered an order granting final summary judgment in favor of the buyer. The court granted the buyer's motion for summary judgment, ordered that the $17,000 deposited in the court registry "shall be distributed" to the buyer, and directed the clerk to "immediately pay the balance" in the registry, minus any clerk's fees, to the buyer. The court also found that the buyer was the prevailing party and therefore was "contractually entitled" to attorney's fees "pursuant to paragraph 17 of the subject Contract." The court did not set the amount of attorney's fees.

The court denied AP Title's motion for rehearing, prompting this appeal.

The standard of review of an order granting summary judgment is de novo. *City of Delray Beach v. DeLeonibus*, 379 So. 3d 1177, 1180 (Fla. 4th DCA 2024). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of that duty; (3) proximate causation; and (4) damages. *Taubenfeld v. Lasko*, 324 So. 3d 529, 537–38 (Fla. 4th DCA 2021).

An escrow agent "has a fiduciary duty to exercise reasonable skill and ordinary diligence in holding and delivering possession of the escrowed property." *Fla. Bar v. Marrero*, 157 So. 3d 1020, 1024 (Fla. 2015). "Escrow holders are recognized as agents of the parties to the escrow and as trustees in charge of the performance of an express trust." *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1064 (Fla. 3d DCA 1993). "Since the escrow holder has no personal interest in the escrow deposit other than carrying out his or her obligations under the escrow agreement, he or she must be impartial in his or her dealings with both the depositor and the beneficiary." 28 Am. Jur. 2d Escrow § 22 (2024).

The role of an escrow agent involves "being an agent of, and owing a fiduciary duty to, all of the principal parties." *United Am. Bank of Cent. Fla., Inc. v. Seligman*, 599 So. 2d 1014, 1016 (Fla. 5th DCA 1992). "An escrow holder, however, owes a fiduciary duty only to the parties to the escrow transaction." *Watkins*, 622 So. 2d at 1065. "Florida law has established that parties may limit escrow agents' responsibilities through contract." *SO5 501, LLC v. Metro-Dade Title Co.*, 109 So. 3d 1192, 1194 (Fla. 3d DCA 2013). Ultimately, "the language of the escrow agreement is the 'primary consideration' in determining the nature and extent of the

agency." *SMP, Ltd. v. Syprett, Meshad, Resnick & Lieb, P.A.*, 584 So. 2d 1051, 1054 (Fla. 2d DCA 1991).

The contract in this case outlines the duties and protections of an escrow agent. When "conflicting demands" for the deposit are received, or the escrow agent "has a good faith doubt as to entitlement" to the deposit, the escrow agent may take "such actions permitted" by paragraph 13. Under paragraph 13, "[i]f in doubt as to Agent's duties or liabilities under this Contract, Agent may . . . continue to hold the subject matter of the escrow until the parties agree to its disbursement or until a final judgment of a court of competent jurisdiction shall determine the rights of the parties, or Agent may deposit same with the clerk of the circuit court having jurisdiction of the dispute." Further, "[u]pon notifying all parties concerned of such action, all liability on the part of Agent shall fully terminate, except to the extent of accounting for any items previously delivered out of escrow."

Here, as an initial matter, summary judgment was improper because the buyer's claims against AP Title were based on a non-existent contract with Fernandez. AP Title did not have a fiduciary duty arising out of any contract between the buyer and Fernandez. Instead, AP Title was the escrow agent for a contract between the buyer and "Rickey Brown, Trustee," and thus owed a fiduciary duty to "all of the principal parties" to *that* contract. Because the complaint—as it stood—relied upon the buyer's non-existent contract with Fernandez and failed to properly plead the correct parties to the underlying escrow transaction, summary judgment in favor of the buyer was improper.

The contract on its face showed that Fernandez never signed the contract and that "Rickey Brown, Trustee" signed the contract as the seller's representative. The trial court ultimately dismissed Fernandez from the case, finding that no contract existed between him and the buyer. This dismissal—which the buyer never appealed—left no seller in the lawsuit and negated the buyer's claim for breach of fiduciary duty against AP Title, which was premised on her contract being with Fernandez rather than "Rickey Brown, Trustee."

The complaint treated "Rickey Brown, Trustee of the 600 Land Trust" as a third party to the contract and thus alleged that AP Title owed no fiduciary duty to 600 Land Trust. But this allegation was negated by the contract itself, which showed that Rickey Brown signed and initialed the contract as the seller's representative. AP Title was required to be impartial in its dealings with *both* the buyer and "Rickey Brown, Trustee."

4

Even assuming the buyer's complaint against AP Title was viable notwithstanding her failure to name the proper seller, a genuine dispute of fact existed as to whether AP Title had breached any fiduciary duty to the buyer by refusing to immediately release the $17,000 deposit once the buyer gave notice of termination of the contract. One view of the evidence is that AP Title had a "good faith doubt as to entitlement" to the deposit, such that AP Title's eventual posting of the deposit into the court registry terminated its liability to the contracting parties. On this view of the evidence, AP Title did not breach a fiduciary duty when it refused to release the deposit to the buyer.

Based on the foregoing, we reverse the summary judgment and remand for further proceedings. Our reversal is without prejudice to the buyer amending her complaint to add the proper seller, i.e., Rickey Brown as Trustee. We do not review the trial court's ruling that the buyer was entitled to an award of attorney's fees against AP Title, both because (1) no amount was fixed, and (2) the ruling is rendered moot following our reversal of the summary judgment. *See Brito v. Heritage Prop. & Cas. Ins. Co.*, 276 So. 3d 990, 991 (Fla. 3d DCA 2019).

*Reversed and remanded.*

WARNER and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***